IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br><br>                      Plaintiff,<br><br>    v.<br><br>PERMANENT EASEMENT FOR 1.02 ACRES AND TEMPORARY EASEMENTS FOR 1.65 ACRES IN WEST HEMPFIELD TOWNSHIP, LANCASTER COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 3000462100000, et al,<br><br>                      Defendants. | CIVIL ACTION<br>NO. 17-1725 |

**MEMORANDUM OPINION**

**Schmehl, J.**     /s/ JLS                                                              June  25, 2020

## I. BACKGROUND

       The instant motion arises out of the compensation portion of a condemnation action brought by Plaintiff Transco against the defendant landowners, the Adorers of the Blood of Christ, United States Province ("Adorers"). Transco condemned the Adorers' property in order to construct and operated a natural gas pipeline. The condemnation itself is no longer at issue. Rather, the instant matter involves a determination of what amount of money represents just compensation for Transco's taking of the Adorers' property.

## II. DISCUSSION

       The Adorers argue that they may assert a claim in this compensation proceeding for monetary damages due to alleged violation of their rights under the Religious Freedom Restoration Act ("RFRA"). The Adorers assert that Transco's condemnation and use of the property substantially burdens their exercise of religion, because they are a

religious order that ascribes religious significance to the preservation of Earth's natural resources. ECF No. 42, ¶¶ 1-30. In response, Transco argues that the religious damages being sought by the Adorers are beyond the scope of what is compensable in a condemnation matter. After review of the briefing in this matter, I find that damages under the RFRA are not recoverable in the compensation portion of a condemnation action under the Natural Gas Act ("NGA"). Accordingly, the Adorers' motion will be denied.

  The Fifth Amendment of the United States Constitution guarantees that "just compensation" shall be paid to a landowner when private property is taken for public use. U.S. Const. amend. V. The Adorers argue that pursuant to the RFRA, they are entitled to recover monetary damages for violation of their religious liberties in this condemnation action as part of that "just compensation" guarantee. Specifically, the RFRA provides:

> A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

42 U.S.C. § 2000bb-1(c). However, the Third Circuit has recently held that the measure of just compensation for takings such as the instant one under the Natural Gas Act must be determined under state law. *Tenn. Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 255 (3d Cir. 2019) (holding that Pennsylvania substantive law governs the "standard of measuring just compensation in condemnation proceedings" under the NGA). Accordingly, in determining the amount of just compensation owed to

the Adorers in this matter, I must do so pursuant to the Pennsylvania Eminent Domain Code, 26 Pa. C.S. §§ 701-716.[1]

The Pennsylvania Eminent Domain Code states that just compensation is "the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected by the condemnation and the fair market value of the property interest remaining immediately after the condemnation and as affected by the condemnation." 26 Pa. C.S. § 702(a). Based upon this definition, the religious liberties of a landowner clearly do not affect the fair market value of a property. Under the standard of fair market value, "the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking." *Adelphia Cablevision Assocs. of Radnor, L.P. v. Univ. City Hous. Co.*, 755 A.2d 703, 713-714 (Pa. Super. Ct. 2000). "Loss to a property owner of 'nontransferable values deriving from his unique need for property or idiosyncratic attachment to it' is treated as part of the burden of common citizenship and is not generally compensated." *Id.*, quoting *United States v. 564.54 Acres*, 441 U.S. 506 (1979) (internal citations omitted).

Further, Pennsylvania Eminent Domain Code provides for three very narrow categories of consequential damages: 1) damages to property abutting the area of an improvement resulting from change of grade of a road or highway; 2) permanent interference with highway access; or 3) injury to surface support. 26 Pa. C.S. § 714. It is clear that damage to religious liberties cannot fall under any of the categories of consequential damages in Pennsylvania. Damage to religious liberties has nothing to do with the loss in value of the property. Rather, this is something unique to the property

---

[1] Although Pennsylvania substantive law applies to the determination of just compensation, the Federal Rules of Civil Procedure govern the procedure in this matter, specifically Rule 71.1.

3

owner that cannot be compensated pursuant to eminent domain law in Pennsylvania. Accordingly, monetary damages as contemplated by the RFRA are not recoverable as part of the compensation proceeding in a condemnation action.

In addition, Federal Rule of Civil Procedure 71.1, which controls condemnation matters, strictly bars counterclaims. Specifically, Rule 71.1(e)(3) states "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed..." Courts have repeatedly upheld Rule 71.1's limitation on additional pleadings such as counterclaims. Therefore, the Adorers' claim for RFRA damages cannot be considered as a counterclaim in this matter.

The Adorers attempt to circumvent Rule 71.1's prohibition on counterclaims by arguing that the RFRA is a "superstatute" and therefore supersedes Rule 71.1. However, as pointed out by Transco, the RFRA only supersedes other federal laws when those laws conflict with the guarantees contained in the RFRA. *See Adorers of the Blood of Christ v. Federal Energy Regulatory Commission, et al*, 897 F.3d 187, 193 (3d Cir. 2018) (explaining that while the "NGA would have to necessarily yield to RFRA if the two statutes indeed conflicted," the two statutes did not conflict.)

Here, there is no conflict between the RFRA and Rule 71.1. RFRA provides that an aggrieved party may assert a violation of the RFRA as a claim or defense in a "judicial proceeding." 42 U.S.C. § 2000bb-1(c). Rule 71.1 does not completely preclude the Adorers from bringing their RFRA claim in any judicial proceeding; it merely bars them from asserting RFRA violations as a counterclaim in the limited context of a condemnation action. Accordingly, the Adorers cannot bring their RFRA claim in the instant condemnation proceeding.

I note that by ruling that the Adorers' religious liberty damages are procedurally improper and therefore cannot be considered in the instant matter, I am not foreclosing their right under the RFRA to pursue such damages. As discussed above, RFRA provides that an aggrieved party may bring an action for damages under the RFRA in a judicial proceeding. Accordingly, the Adorers are free to raise their RFRA claim for monetary damages in a separate action. My ruling today is limited to barring this type of religious damages in an eminent domain proceeding.

### III.    CONCLUSION

For all the foregoing reasons, the Adorers' claim for damages under the RFRA will be dismissed with prejudice and the Adorers shall not present any evidence relating to their alleged RFRA damages at the compensation trial in this matter.